**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 11 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

REYNALDO ORTEGA,

     Petitioner-Appellant,

v.

JOE WILLIAMS, Warden, Lea County
Correctional Facility; ATTORNEY
GENERAL FOR THE STATE OF NEW
MEXICO,

     Respondent-Appellee.

No. 00-2156

(D.C. No. CIV-99-24–BB/LFG)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **HENRY**, and **LUCERO**, Circuit Judges.[**]

Petitioner Reynaldo Ortega, proceeding pro se, filed a petition for writ of habeas

corpus under 28 U.S.C. § 2254. The district court denied the petition and denied

Petitioner's application for a certificate of appealability. Now before us is Petitioner's

renewed motion. We deny Petitioner's application for a certificate of appealability as

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. See Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

well and dismiss his appeal.

In January 1998, Petitioner pled guilty in New Mexico state court to trafficking a controlled substance. The court sentenced Petitioner to nine years imprisonment, an additional eight years enhancement pursuant to the state habitual offender act, and two years parole. The court suspended seven years of the total sentence. Petitioner did not challenge his conviction or sentence on direct appeal. Instead, in November 1998, he sought post-conviction relief in state district court. In his state petition, Petitioner claimed the trial court (1) failed to inform him of his right to trial on the allegations contained in the supplemental information, (2) failed to inform him of both the charges and his rights under the state habitual offender act, and (3) failed to determine if he was the same person charged in the supplemental information. The state court found Petitioner had pled guilty to trafficking a controlled substance and being a habitual offender with three prior convictions. The court further found that it had used the guilty plea proceeding form to conduct a thorough interrogation of Petitioner in open court before accepting the plea agreement. The court found that Petitioner signed the certification acknowledging that the judge personally advised him of the matters set forth in the form, that he understood his constitutional rights, that he was giving up rights by entering into a guilty plea, and that he desired to admit the allegations of the supplemental criminal information. In addition, the court found that Petitioner's attorney certified he had conferred with Petitioner with reference to execution of the affidavit and explained

its contents in detail.  Finally, the court found that the proceedings on the supplemental criminal information were conducted in strict compliance with New Mexico law. Accordingly, the court dismissed Petitioner's petition on November 24, 1998.

Following the court's dismissal of his petition, Petitioner had thirty days to petition for a writ of certiorari with the New Mexico Supreme Court.  Petitioner did not file his petition for writ of certiorari, however, until January 11, 1999.  The New Mexico Supreme Court denied the petition as untimely.

Subsequently, Petitioner filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in federal court.  In his § 2254 petition, Petitioner raised the same claims he raised in his state court post-conviction proceedings.  A magistrate judge recommended the district court deny the petition as procedurally barred absent cause or prejudice because Petitioner failed to file a direct appeal and failed to timely file a petition for certiorari with the New Mexico Supreme Court following denial of state post-conviction relief.[1]

---

[1]  See Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991) (rule permitting federal court to address habeas petition if last state court to which petitioner presented federal claim rested primarily on resolution of those claims does not apply if petitioner failed to exhaust state remedies and court to which petitioner would be required to present his or her claims in order to meet exhaustion requirement would find claims procedurally barred;  in such case there is procedural default for purposes of federal habeas regardless of decision of last state court to which petitioner actually presented his or her claims); Ballinger v. Kerby, 3 F.3d 1371, 1374 (10th Cir. 1993) (petitioner's constitutional claim, raised before the state trial court in his state habeas petition, was procedurally defaulted by his failure to obtain timely review by the New Mexico Supreme Court).

Petitioner objected to the recommendation, arguing that he was unable to file his final appeal to the New Mexico Supreme Court because his facility's lock-down status prevented him from utilizing the facility's law library. The magistrate judge ordered further expansion of the record to determine the length and extent of the facility's lock-down during the period in question. After consideration of the additional material, the district court determined that Petitioner failed to show cause and prejudice to excuse his procedural default. Accordingly, the district court adopted the magistrate judge's previous recommendation and dismissed the petition.

A petitioner may appeal the denial of a § 2254 petition only if "a circuit justice or judge" issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). We have thoroughly reviewed Petitioner's application for a certificate of appealability, his brief, the magistrate's findings and recommended disposition, the district court's order adopting the magistrate's recommendation, and the entire record before us. We conclude Petitioner's petition is procedurally barred substantially for the reasons set forth in the district court's order dismissing his petition. Accordingly, we deny Petitioner's request for a certificate of appealability and dismiss the appeal.


CERTIFICATE OF APPEALABILITY DENIED; APPEAL DISMISSED.

Entered for the Court,


4

Bobby R. Baldock
Circuit Judge

5